IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:18-CV-49-FL

| | | |
|---|---|---|
| BRIAN KEITH BUSLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 26), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely filed an objection to the M&R, to which defendant replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On January 21, 2015, plaintiff protectively filed an application for supplemental security income, alleging disability beginning May 7, 2013. The application was denied initially and upon reconsideration. A hearing was held on May 18, 2017, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated June 8, 2017. Plaintiff appealed

the ALJ's decision to the appeals council. On July 25, 2018, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff filed the instant action on September 24, 2018, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th

Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to the Commissioner of Social Security ("Commissioner") at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 21, 2015, plaintiff's application date. (Transcript of the Record ("Tr.") 19). At step two, the ALJ found that plaintiff had the following severe impairments: seizure disorder; alcohol abuse; and hypertension. (Tr. 19). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations ("listings" or "listed impairments"). (Tr. 19); see 20 C.F.R. § 404, Subpt. P, App. 1 [hereinafter "Listing of Impairments"].

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, subject to the following limitations:

> the claimant cannot balance on narrow, moving, slippery surfaces or climb ladders, ropes, and scaffolds; he cam1ot work at heights or around dangerous machinery, and cannot perform work that requires driving a motor vehicle; he has a decrease in the ability to concentrate on and attend to work tasks to the extent that he can only do simple, routine, and repetitive tasks (i.e., can apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete va1iables in or from standardized situations); and he is able to concentrate for two-hour increments with normal rest breaks.

(Tr. 20). At step four, the ALJ concluded plaintiff had no past relevant work. (Tr. 26). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 26). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 28).

B. Analysis

Plaintiff summarily objects to the four principal findings of the M&R: 1) that the ALJ appropriately weighed the opinions of Dr. Thompson, plaintiff's treating physician, 2) that substantial evidence supports the ALJ's RFC determination, 3) that the ALJ adequately explained his finding that plaintiff's statements were not consistent with the evidence in the record, and 4) that the ALJ did not err in posing a hypothetical question to the VE.

In his objections, plaintiff identifies no particular error in the M&R. Instead, plaintiff restates without substantive alteration arguments made in motion for judgment on the pleadings. (See Pl. Obj. (DE 27) ¶ 5 (incorporating by reference plaintiff's prior brief); Pl. Mem. (DE 21) at 21–30). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (DE 20) is DENIED. Defendant's motion for judgment on the pleadings (DE 24) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of December, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge